UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK WAYNE HAUSEUR, | ) | NO. EDCV 08-00094 CJC (SS) |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS,** |
| | ) | |
| v. | ) | **CONCLUSIONS AND RECOMMENDATIONS OF** |
| | ) | |
| TIM VIRGA, Acting Warden, | ) | **UNITED STATES MAGISTRATE JUDGE** |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Second Amended Report and Recommendation of the United States Magistrate Judge (the "R&R"), and Petitioner's Objections (the "Objections"). After having made a de novo determination of the portions of the Second Amended Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge, with the following modifications.

Petitioner's Objections focus on three main contentions: (1) Petitioner's claim that he is entitled to an evidentiary hearing; (2)

1  Petitioner's assertion that the Magistrate Judge applied too deferential
2  a standard to the state court's determinations; and (3) Petitioner's
3  argument that he is entitled to a stay of the instant proceedings so
4  that he can exhaust an additional claim in state court.  The Court
5  addresses these contentions below, in the context of the overall
6  Objections to the Report.

8  Petitioner begins his Objections by asserting that he "objects to
9  the Report's 'Factual Background' to the extent it contains new factual
10 findings."  (Objections at 3).  However, the Magistrate Judge's Report
11 does not contain any "new" factual findings.  All references to facts
12 in the Report are based on the state court record.

14 Petitioner next contends that AEDPA, at 28 U.S.C. section
15 2254(e)(2), does not bar an evidentiary hearing in federal court because
16 he "did not fail to develop the factual bases of his claims in state
17 court." (Objections at 6). Specifically, Petitioner contends that he
18 diligently "sought, but was denied, an evidentiary hearing in state
19 court." (Id.).  However, even assuming that section 2254(e)(2) does not
20 bar an evidentiary hearing here, "the fact that a hearing would be
21 permitted does not mean that it is required." Downs v. Hoyt, 232 F.3d
22 1031, 1041 (9th Cir. 2000).  The district court retains discretion
23 whether to hold an evidentiary hearing or to expand the record with
24 discovery and documentary evidence instead. Williams v. Woodford, 384
25 F.3d 567, 590 (9th Cir. 2004).  An evidentiary hearing is only required
26 if "(1) [the petitioner] has alleged facts that, if proven, would
27 entitled him to relief, and (2) he did not receive a full and fair

evidentiary hearing in state court." Perez v. Rosario, 459 F.3d 943, 954 n.5 (9th Cir. 2006) (internal quotation marks omitted).

An evidentiary hearing is not required here because Petitioner has not alleged facts that, if proven, would entitle him to relief. Perez, 459 F.3d at 954 n.5. The Magistrate Judge appointed counsel for Petitioner and allowed Petitioner extensive time for discovery. Following discovery, the Magistrate Judge allowed Petitioner to submit new evidence in connection with his Objections to the original R&R. The Magistrate Judge then assumed to be true all of Petitioner's proffered new evidence and explained why Petitioner's new evidence did not entitle him to relief. (See R&R at 38) (assuming to be true Petitioner's evidence about communications with the jury by the victim's wife); (id. at 44-45) (assuming to be true Petitioner's evidence about a juror's failure to disclose a romantic interest in a witness); (id. at 46-47) (assuming to be true Petitioner's evidence about a juror's discussions with a highway patrolman); (id. at 52) (assuming to be true Petitioner's evidence about intra-jury communications); (id. at 74-75) (assuming to be true Petitioner's evidence about the prosecutor's attempt to influence defense witness testimony); (id. at 100-01) (assuming to be true Petitioner's evidence about trial counsel's failure to introduce letters into evidence); (id. at 105-07) (assuming to be true Petitioner's evidence about trial counsel's failure to communicate and prepare for trial); (id. at 108-14) (assuming to be true Petitioner's evidence about trial counsel's failure to interview and subpoena witnesses); (id. at 117, 126-28, 133-35) (assuming to be true Petitioner's evidence about trial counsel's failure to prepare and present an affirmative defense); (id. at 143-44) (assuming to be true

3

1  Petitioner's evidence about trial counsel's failure to move for a change
2  of venue); (id. at 150-51) (assuming to be true Petitioner's evidence
3  about trial counsel's failure to request an evidentiary hearing).
4  Accordingly, the Court properly exercised its discretion when it denied
5  Petitioner's request for an evidentiary hearing.

7  Petitioner also contends that "the state court's determination that
8  [he] suffered no prejudice from counsel's deficient performance" without
9  an evidentiary hearing constituted an unreasonable determination of the
10 facts. (Objections at 8). However, the Ninth Circuit has held that
11 "[w]here there is no likelihood that an evidentiary hearing would have
12 affected the determination of the state court, its failure to hold one
13 does not make such determination unreasonable." Perez, 459 F.3d at 951.
14 As set forth in the Magistrate Judge's Report, even assuming all of
15 Petitioner's proffered evidence to be true, the state court could
16 reasonably have determined that Petitioner suffered no prejudice. (R&R
17 at 99-153).

19 Petitioner further contends that the Magistrate Judge erroneously
20 "conflat[ed] the standards for relief with the standards for granting
21 an evidentiary hearing" and that he is entitled to an evidentiary
22 hearing on his ineffective assistance claims because he has raised a
23 "colorable claim to relief." (Objections at 15) (internal quotation
24 marks omitted). However, the Ninth Circuit has explained that even
25 though "the standard required to obtain an evidentiary hearing is less
26 stringent than that required to prove a Strickland claim, AEDPA
27 deference still guides [a court's] decision." Fairbank v. Ayers, ___
28 F.3d ___, 2011 WL 3487027 at *6 (9th Cir. August 10, 2011). Because the

4

prejudice prong of Petitioner's ineffective assistance claims is subject to AEDPA deference, the Court must consider that deference in deciding whether to grant an evidentiary hearing:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate. [¶] It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

Shriro v. Landrigan, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) (citations and footnote omitted).

The Court concludes that Petitioner is not entitled to an evidentiary hearing on his ineffective assistance claims because even assuming to be true all of Petitioner's allegations about trial counsel's deficient performance, Petitioner still cannot demonstrate prejudice under AEDPA in light of the overwhelming evidence of his guilt. See Fairbank, 2011 WL 3487027, at *7 (holding that the petitioner was not entitled to an evidentiary hearing on his ineffective assistance claims because "even assuming all the allegations are true, [the petitioner] cannot prove a Strickland violation"). Moreover, the

1  Magistrate Judge permitted Petitioner's counsel well over a year and a
2  half of discovery to develop the record in support of Petitioner's
3  claims.  Downs, 232 F.3d at 1041 ("Here, the district court permitted
4  [the petitioner] a year of discovery to develop the record in support
5  of her petition.  Its decision to deny an evidentiary hearing was not
6  an abuse of discretion.").  This Objection fails.

8      Petitioner contends that he is entitled to an evidentiary hearing
9  on his claim that a juror asked a highway patrolman about the specifics
10 of "trigger pull weigh[t]" in a court hallway.  (Objections at 34).
11 Specifically, Petitioner contends that he could have been prejudiced by
12 the receipt of extraneous information because "[t]he issue of trigger-
13 pull on a glock handgun was a central issue in [Petitioner's] trial."
14 (Id.).  As set forth in the Report, however, even if a juror received
15 extraneous information undermining Petitioner's accidental firing
16 defense (by somehow suggesting that light trigger pull weight does not
17 cause accidental discharge), the potential for prejudice was low because
18 Petitioner's accidental firing defense was extremely weak.  Indeed,
19 Petitioner's accidental firing defense was directly contradicted by the
20 testimony of Petitioner's passenger, Ms. Lyn, (R&R at 48), Petitioner's
21 admission that he was a "responsible gun owner" with experience handling
22 the gun he used to shoot the victim, (id.), and by Petitioner's total
23 lack of credibility because he admitted that he repeatedly lied to the
24 police.  (Id. at 49).  Thus, Petitioner's allegations, even if true,
25 would not entitle him to relief and he is therefore not entitled to an
26 evidentiary hearing.  See Perez, 459 F.3d at 954 n.5; see also United
27 States v Ruiz Montes, 628 F.3d 1183, 1187-88 (9th Cir. 2011) ("[A]n
28 evidentiary hearing is not mandated every time there is an allegation

of jury misconduct or bias. Rather, in determining whether an evidentiary hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source. Based on the record before us, we conclude an evidentiary hearing was unnecessary in this case." (internal quotation marks, citations, and brackets omitted)).

Next, Petitioner contends that the Magistrate Judge applied too deferential a standard to the deficient performance prong of Petitioner's ineffective assistance claims because this prong is subject to de novo review. (Objections at 15-22). Specifically, Petitioner contends that the Magistrate Judge should not have "opin[ed] on the reasonableness of what counsel's strategic justifications 'could' have been." (Id. at 16). However, even under de novo review, "[j]udicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see also United States v. Thomas, 417 F.3d 1053, 1056 (9th Cir. 2005) ("Ineffective assistance of counsel claims are governed by the familiar, two-part test of Strickland under which a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial."); United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005) (noting that Strickland applies to a de novo review of ineffective assistance claim), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007).

Petitioner further contends that the Magistrate Judge "should have . . . examined [Petitioner's] allegations and evidence as if they were true, and then determined whether [Petitioner] stated a colorable claim that counsel's performance was deficient." (Objections at 17) (citing Schriro, 550 U.S. at 474). As set forth above, however, the Magistrate Judge did examine all of Petitioner's allegations and evidence as if they were true. Indeed, in Schriro, the Supreme Court held that the "District Court was entitled to conclude that regardless of [the petitioner's allegations], . . . [the petitioner] could not demonstrate prejudice under Strickland even if granted an evidentiary hearing." Schriro, 550 U.S. at 477. Similarly, Petitioner cannot demonstrate prejudice under AEDPA even if granted an evidentiary hearing.

Petitioner argues that de novo review applies to the prejudice prong of his ineffective assistance claims because the state court unreasonably determined that Petitioner failed to present even a prima facie claim. (Objections at 23-28). However, the state court could reasonably determine that Petitioner failed to present even a prima facie claim of prejudice because the evidence of his guilt was overwhelming. (R&R at 137-38); see also Mickey v. Ayers, 606 F.3d 1223, 1240 (9th Cir. 2010) ("Here, any deficiency in counsel's performance does not create a 'reasonable probability' that the 'result of the proceeding would have been different,' such that we lack confidence in the outcome of the trial, Strickland, 466 U.S. at 694, because the evidence of [the petitioner's] guilt for premeditated murder was overwhelming.").

8

1    Petitioner further argues that the Magistrate Judge
2 "inappropriately added a second layer of review" to Petitioner's claim
3 that his trial counsel was ineffective for failing to file a motion to
4 suppress Petitioner's statements to the police. (Objections at 29).
5 Specifically, Petitioner contends that the Magistrate Judge "adopt[ed]
6 a 'custody test' that examines whether the 'state court's application
7 of that test is reasonable.'" (Objections at 29) (quoting R&R at 145).
8 When the Magistrate Judge's Report is read in context, however, it is
9 clear that the Magistrate Judge applied <u>de novo</u> review to the question
10 of whether Petitioner was in custody. (R&R at 146-49). Indeed, the
11 Magistrate Judge only considered the state court's application of the
12 "custody test" under the prejudice prong of Petitioner's ineffective
13 assistance claims, which is subject to AEDPA deference. (R&R at 149)
14 ("Finally, even if counsel was deficient for failing to move to suppress
15 the confession, which counsel was not, the state court could reasonably
16 conclude that Petitioner was not prejudiced by that failure.").

18    Finally, Petitioner contends that he is entitled to a stay of the
19 instant proceedings to allow him to exhaust an additional claim in state
20 court. (Objections at 35-36). However, Petitioner concedes that his
21 unexhausted claim cannot be timely amended into the instant Petition
22 because the San Bernardino County Superior Court held that his state
23 habeas petition was untimely. (<u>Id.</u> at 36). Petitioner contends that
24 denial of a stay is "premature" because there is still a "possibility"
25 that the California Supreme Court will reverse the superior court's
26 timeliness ruling. (<u>Id.</u>). As set forth in the Report, however, this
27 Court is bound by the San Bernardino County Superior Court's finding of
28 untimeliness under state law, unless and until the California Supreme

9

1 | Court reverses that court's reasoning.  (R&R at 56 n.12); <u>Himes v. Thompson</u>, 336 F.3d 848, 852 (9th Cir. 2003) ("We are bound by a state's interpretation of its own laws.").  Accordingly, the Court concludes that Petitioner is not entitled to a stay.

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 26, 2011

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE